**Paul H. RUSSELL**

v.

**David ELDRIDGE and Peter Zaksewicz.**

**Civ. No. 3–92–396 (WWE).**

United States District Court, D. Connecticut.

Aug. 23, 1993.

---

**536**

John J. Kelly Jr., Berchem, Moses & Devlin, P.C., Milford, CT.

John R. Williams, The Law Offices of John R. Williams, New Haven, CT.

## RULING ON MOTION FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

Plaintiff Paul Russell brings this civil rights action under 42 U.S.C. § 1983 on the grounds that he was arrested without probable cause and subjected to excessive force during the course of that arrest. Defendants David Eldridge and Peter Zaksewicz have filed a Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56. For the reasons set forth below, the motion will be granted.

### FACTS

Around midnight on November 29, 1991, plaintiff was walking down Perry Avenue in Shelton, Connecticut allegedly on the way to his sister's house. Plaintiff had been drinking earlier that night and has little memory of the events that occurred at the time of the incident in question. However, his Complaint states that as he was walking, he became involved in a verbal altercation with two men who were standing in a driveway and dressed in casual clothes, after which he was struck in the head from behind. This blow knocked plaintiff unconscious. Plaintiff does not know who struck him in the head.

When he awoke, plaintiff was in the street, a location different from where he passed out, and was being arrested by two officers. One of the arresting officers was defendant Zaksewicz.

Defendant Eldridge, a Shelton police officer, lives on Perry Street. On November 29, he worked from 4:00 p.m. to 12:00 a.m. When he arrived home from work that night, at approximately 12:05 a.m., Eldridge claims he saw plaintiff trying to break into his house. After confronting plaintiff, Eldridge claims plaintiff tried to hit him. Eldridge managed to pull plaintiff to the ground and then ran into his home to call the police.

The police records indicate that Eldridge in fact called the Shelton police, after which defendant Zaksewicz and Officer David Murad reported to the scene and arrested plaintiff for attempted burglary, criminal trespass, and breach of the peace. While making the arrest, defendant Zaksewicz noticed that plaintiff smelled of alcohol and that his head was bleeding.

All charges against plaintiff ultimately were nolled, allegedly because papers were missing at the police department.

## DISCUSSION

 A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American International Group, Inc. v. London American International Corp.,* 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986).

Nevertheless, a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2d Cir. 1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). The non-moving party may defeat the summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. Mere conclusory allegations or denials in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980).

After careful review, the court finds that there are no genuine issues of material fact and that defendants are entitled to summary judgment as a matter of law. Affidavits filed by both defendants, police records, and the deposition testimony of plaintiff all indicate that Eldridge and Zaksewicz were not the two men in the driveway who plaintiff saw immediately prior to being knocked unconscious. Plaintiff admits that he cannot identify the person who struck him, because he was struck from behind. There is no evidence whatsoever that either defendant was the person who hit plaintiff.

The evidence also indicates that defendant Zaksewicz and Officer Murad were dispatched to the scene after receiving a call from Eldridge about an attempted burglary at his home and that there was probable cause to arrest plaintiff. Plaintiff has failed to produce any evidence which would tend to contradict that produced by the defendants.

Accordingly, in the absence of any indication in the record to the contrary, there can be no question for trial on whether Eldridge or Zaksewicz arrested plaintiff without probable cause or caused the injury to plaintiff.

## CONCLUSION

For the reasons set forth above, defendant's Motion for Summary Judgment [14–1] is GRANTED. The Clerk is directed to close the file.